UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
TABETHA ANDINO,

                        Plaintiff,

      - against -

GEM QUALITY CONSTRUCTION INC and
MUHAMMED TAHIR, individually and in his
official capacity,

                       Defendants.
------------------------------------------------------------------------X

Case No.

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

TABETHA ANDINO ("Plaintiff"), by and through her attorneys, PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC, against GEM QUALITY CONSTRUCTION INC ("GEM QUALITY") and MUHAMMED TAHIR (TAHIR") alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

### NATURE OF THE CASE

1. This is a civil action based upon violations that Defendant committed of Plaintiff's rights guaranteed to her by: (i) the sex discrimination and retaliation provisions of **Title VII of the Civil Rights Act of 1964**, as amended ("Title VII"); (ii) the sex discrimination and retaliation provisions of the **New York State Human Rights Law**, New York State Executive Law, § 296 *et seq.* ("NYSHRL"); (iii) the gender discrimination and retaliation provisions of the **New York City Human Rights Law**, New York City Administrative Code § 8-107 *et seq.* ("NYCHRL"), and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2. While employed by Defendant GEM QUALITY, Plaintiff's supervisor, Defendant TAHIR, subjected her to relentless harassment and discrimination solely on account of her sex/gender.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 2000(e), *et seq*.

4. The Court has supplemental jurisdiction over all state and city law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PROCEDURAL PREREQUISITES

6. Plaintiff timely filed a complaint, upon which this Complaint is based, with the United States Equal Employment Opportunity Commission ("EEOC").

7. Plaintiff received a Notice of Right to Sue from the EEOC, dated April 20, 2022, with respect to the instant charges of discrimination. A copy of the Notice is annexed to this Complaint.

8. This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

9. Prior to the commencement of this action, Plaintiff served a copy of this complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York, in accordance with N.Y.C. Admin. Code §8-502(c).

## PARTIES

10. At all relevant times herein, Plaintiff was and is a resident of the State of New Jersey and a Latina woman. Plaintiff worked at Defendant GEM QUALITY at a worksite located at 1330 Webster Ave, Bronx, NY 10456. She was and is a "person" and an "employee" and entitled to protection as defined by Title VII, the NYSHRL, and the NYCHRL.

11. At all relevant times herein, Defendant GEM QUALITY is a New York corporation,

located at 992 Coney Island Avenue, 2R, Brooklyn, NY 11230, with a worksite located at 1330 Webster Ave, Bronx, NY 10456.

12. At all relevant times herein, Defendant GEM QUALITY "employs" fifteen and thus one or more "employees," and is thus an "employer" within the meaning of Title VII, the NYSHRL, and the NYCHRL.

13. At all relevant times herein, Defendant TAHIR was employed by Defendant GEM QUALITY as Supervisor. In his role with Defendant GEM QUALITY, Defendant TAHIR directly supervised certain employees, including Plaintiff. Additionally, Defendant TAHIR had the authority to affect the terms and conditions of Plaintiff's employment. Defendant TAHIR is being sued herein individually and in his official capacity.

## MATERIAL FACTS

14. Plaintiff is a member of Laborers' Local 79 ("Local 79"), a union for construction and general building laborers. On or about June 7, 2021, Plaintiff began working for Defendant GEM QUALITY as a Shop Steward at a worksite located at 1330 Webster Ave, Bronx, NY 10456 (the "Worksite"). Plaintiff earned $39.20 per hour.

15. As a Shop Steward, Plaintiff's duties include ensuring safety on work sites, mason tending and cleaning worksite materials. Additionally, Plaintiff was responsible for maintaining the accounting of union laborers' work performance hours.

16. On her first day at the Worksite, Plaintiff arrived early in order to complete new worker paperwork for Defendant GEM QUALITY. Shortly after her arrival, Plaintiff asked the supervisor, Defendant TAHIR, where the ladies' portable toilet was located. Defendant TAHIR responded that there were none. Plaintiff expressed her belief that, according to OSHA regulations, she should have access to a bathroom designated for females on the

premises.

17. Shortly after Plaintiff began working, Local 79 Business Agent, Barrie Smith ("Smith"), called and asked Plaintiff if all was well. Plaintiff indicated that she thought so. Smith then told Plaintiff that he would be passing by the Worksite later that day. When Smith arrived later, Plaintiff observed and heard a verbal exchange between Smith and Defendant TAHIR, during which, Defendant TAHIR, asked Smith, in sum and substance: "WHY DID THE UNION SEND A WOMAN FOR THE JOB?" Smith told Defendant TAHIR that he had asked for a laborer and was sent a qualified laborer and that Plaintiff was qualified for the job. Smith further informed Defendant TAHIR that he had to provide Plaintiff with a changing area with a lock. Defendant TAHIR then said to Smith, in sum and substance: "WELL NOW SHE'S AN EXPENSE. WE ARE GOING TO HAVE TO SPEND MONEY TO ACCOMMODATE HER."

18. Throughout Plaintiff employment, Defendant TAHIR refused to provide Plaintiff with an adequate changing area; however, the male employees were afforded an adequate changing area.

19. On or about June 8, 2021, an unidentified male employee (hereinafter referred to as "John Doe") present at the Worksite, spoke to Plaintiff in a flirtatious manner, while asking Plaintiff for her name and number. Plaintiff rebuffed his advances. John Doe became upset with Plaintiff and treated her in an offensive manner.

20. The following day, for example, John Doe was using a forklift, looking at Plaintiff, nearly struck a pedestrian, and then yelled out to Plaintiff "FUCKING GIRL."

21. On or about June 11, 2021, while Plaintiff was working with the Local 1010 and the PCC workers, Defendant TAHIR grabbed a metal tie for the gate, and then grabbed Plaintiff's left hand and moved it towards the gate, attempting to tie Plainttif's hand to the gate, and

began laughing. Plaintiff pulled her hand back and told Defendant TAHIR his conduct was not funny.

22. Based on industry custom and practice, when work is no longer available for union laborers, a company will notify a union of an impending lay off. On or about June 13, 2021, however, Defendant TAHIR, notified Plaintiff via text message that there was no work available for her and the job concluded. Plaintiff promptly notified Smith, and Smith directed Plaintiff to report to work the next day.

23. The following morning, Plaintiff observed the work to be incomplete and further observed all the male employees present at the Worksite. Defendant TAHIR falsely stated that the work was completed to further discriminate against Plaintiff based on her gender and exclude Plaintiff from the Worksite.

24. Plaintiff immediately contacted Smith. Smith arrived at the Worksite to address Defendant TAHIR's conduct, and false misrepresentations about the work being completed. Defendant TAHIR proceeded to disparage Plaintiff and her work ethic. Defendant TAHIR further falsely accused Plaintiff not completing her assigned work and refusing assignments. Plaintiff attempted to refute Defendant TAHIR's falsehoods and Defendant TAHIR interrupted her, spoke with an aggressive tone while speaking to her. Defendant TAHIR display aggression nor interrupt Smith or M. Ahmed, who are both males.

25. On June 17, 2021, while Plaintiff and her colleagues were working, Defendant TAHIR stated to them, in sum and substance: NO TALKING. YOU CAN ONLY TALK AT 4:30. Plaintiff never observed Defendant TAHIR prohibit other employees from talking.

26. On June 21, 2021, without any prior notification Plaintiff received a layoff check from Defendant. Plaintiff promptly notified Smith. Smith contacted Defendant TAHIR, via

telephone, in Plaintiff's presence. During said conversation, once again, Defendant TAHIR, alleged that there was no work available for Plaintiff. Defendant TAHIR claimed that there were no work materials.

27. On June 22, 2021, however, Plaintiff observed the Worksite. Plaintiff further observed that Defendant GEM QUALITY had hired new workers. Plaintiff promptly informed Smith. Plaintiff was ready and able to work, but Defendant GEM QUALITY refused her work based on her gender. Subsequently, a union grievance was filed against Defendant GEM QUALITY.

28. On June 28, 2021, Plaintiff returned to work at the Worksite. While Plaintiff was waiting to sign-in, Defendant TAHIR stated to Plaintiff, in sum and substance: SINCE YOU FILED A GRIEVANCE AGAINST ME, YOU ARE NOT THE SHOP STEWARD.

29. After Plaintiff's return to the Worksite, Defendant TAHIR began to subject Plaintiff and her work to heightened scrutiny, overly criticizing Plaintiff's work. Defendant TAHIR would micromanage Plaintiff, following her throughout the day, repeating prior instructions he had already given her. Defendant TAHIR did not subject Plaintiff's male counterparts to this heightened level of scrutiny or micromanagement. Defendant TAHIR would falsely accuse Plaintiff of being absent from the Worksite and would falsely accuse Plaintiff of failing to complete work she already performed. Defendant TAHIR did not subject Plaintiff's male counterparts to this sort of treatment. Defendant TAHIR's conduct was in retaliation for Plaintiff's complaints of discrimination.

30. On June 29, 2021, Defendant TAHIR gave Plaintiff instructions for her assignments. Defendant TAHIR continued to harass Plaintiff throughout the day repeating the instruction she gave her at the start of her shift. Defendant TAHIR did not subject Plaintiff's male counterparts to this conduct. This was one of the ways that Defendant

6

        TAHIR micromanaged Plaintiff in retaliation for complaining about discriminatory treatment.

31. Although Plaintiff's mother had passed away the day before, Plaintiff reported to the Worksite. Upon arriving, Plaintiff realized that she left her safety vest in her vehicle. Plaintiff informed Defendant TAHIR that she would return to her vehicle to retrieve her safety vest. Defendant TAHIR, however harangued and harassed Plaintiff with a barrage of text messages.

32. Shortly thereafter, Plaintiff took leave from work to lay her mother to rest. Beforehand, Plaintiff informed Smith of her need for leave and he arranged for a replacement to cover her at the Worksite.

33. On July 12, 2021, when Plaintiff returned from leave, Defendant TAHIR waited until he was alone with Plaintiff in a work trailer, commonly referred to as "shanty," to berate her about calling him if she is not working even though Plaintiff had fulfilled her obligation to report to Smith that she was taking bereavement leave. Defendant TAHIR ended the conversation by yelling at Plaintiff and slamming the door. YOU HAVE TO CALL ME. YOU HAVE TO TELL ME YOU AREN'T COMING. Plaintiff told Defendant TAHIR that she informed Smith and they sent another Emily Hutchinson. Defendant TAHIR became aggressive and stated in sum and substance: NO! YOU CALL ME! Defendant TAHIR exited and slammed the door.

34. On July 13, 2021, Plaintiff contacted Caroline [LAST NAME UNKNOWN] to discuss Defendant TAHIR and his discriminatory treatment. As Plaintiff began describing the harassment, she endured from Defendant TAHIR and the resulting emotional distress, Caroline interrupted Plaintiff, stating in sum and substance: "OH WE ARE NOT GOING THERE." Caroline further stated that Defendant GEM QUALITY would speak to

Defendant TAHIR because "HE HAD A JOB TO FULFILL."

35. Based upon information and belief, Caroline never reported Plaintiff's complaints of discrimination to the appropriate authority, despite her duty to do so.

36. At the end of the work day on July 14, 2021, Plaintiff entered the work trailer, after male workers were already there, and asked Defendant TAHIR for the sign out sheet. After Defendant TAHIR ignored Plaintiff's request, she asked again. Defendant TAHIR then refused Plaintiff and told her that she had come in the shanty at 4:09 [p.m.] The male workers were already in the shanty. Plaintiff explained that she needed to change before leaving the Worksite. Defendant TAHIR told Plaintiff, in sum and substance: NO, YOU GO CHANGE FIRST AND THEN COME BACK. Defendant TAHIR refused to allow her to do so, Plaintiff left the Worksite without signing out and, upon leaving, contacted Caroline to explain what had transpired. Caroline never returned Plaintiff's call.

37. Upon information and belief, Caroline did not report Plaintiff's complaints of discrimination to the appropriate authority, despite her duty to do so.

38. The following day, when Plaintiff arrived at the Worksite, Defendant TAHIR withheld the sign-in sheets and prevented Plaintiff from signing in. Plaintiff called Caroline and Smith to inform them of what occurred. Defendant TAHIR became upset that Plaintiff was asking to sign-in and stated to Plaintiff, in sum and substance: YOU ARE A FUCKING LIAR. YOU ARE DOING YOUR JOB. YOU ARE LEAVING THE AREA FILTY. Plaintiff told Defendant TAHIR that his accusations were false. Defendant TAHIR berated Plaintiff, and finally allowed Plaintiff to sign-in. That afternoon, Smith visited the Worksite to ask Defendant TAHIR to refrain from communicating directly with Plaintiff. Smith and Defendant TAHIR agreed that Defendant TAHIR would avoid direct communication with Plaintiff and would communicate with Plaintiff through a

third-party.

39. The following day, however, Defendant TAHIR continued speaking directly to Plaintiff.

40. The harassment and discrimination that Plaintiff was subjected to at work caused her deep anxiety and caused her to lose enjoyment of life.

41. **<u>Defendants' actions and conduct were intentional and intended to harm Plaintiff</u>**.

42. Plaintiff would not have faced harassment and discriminatory treatment but for her sex/gender.

43. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

44. Additionally, as a result of Defendants' discriminatory treatment of Plaintiff, she has suffered pecuniary loss, severe emotional distress, and physical ailments.

45. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

46. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against Defendants.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT GEM QUALITY**
<u>*Sex Discrimination in Violation of Title VII*</u>

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

48. 42 U.S.C. § 2000e-2(a)(1), states in relevant part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to

> discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin[.]

49. As described above, Defendant GEM QUALITY discriminated against Plaintiff on the basis of her sex, in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on her sex.

50. As a result of the unlawful discriminatory conduct of Defendant GEM QUALITY in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

51. The unlawful discriminatory actions of Defendant GEM QUALITY constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

**SECOND CAUSE OF ACTION AGAINST DEFENDANT GEM QUALITY**
*Retaliation in Violation of Title VII*

52. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

53. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> [T]o . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified,

        assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

54. As described above, Plaintiff engaged in protected activities, including making internal complaints regarding Defendant GEM QUALITY's discrimination based on Plaintiff's sex.

55. As described above, after Plaintiff engaged in activity protected by Title VII, Defendant GEM QUALITY took adverse actions against Plaintiff that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

56. As a result of the retaliatory conduct of Defendant GEM QUALITY in violation of Title VII, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

57. The unlawful discriminatory actions of Defendant GEM QUALITY constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
*Sex Discrimination in Violation of the NYSHRL*

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59. Executive Law § 296(1)(a) provides that:

        It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to

11

> discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

60. As described above, Defendants discriminated against Plaintiff on the basis of her sex in violation of NYSHRL, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, harassment of Plaintiff based on Plaintiff's sex.

61. As a result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

62. As a result of Defendants' unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

63. Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
*Retaliation in Violation of the NYSHRL*

64. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

65. New York State Executive Law § 296(7) provides that:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she filed a

complaint, testified, or assisted in any proceeding under this article.

66. As described above, Plaintiff engaged in protected activities, including making internal complaints regarding Defendants' discrimination based on Plaintiff's sex.

67. As described above, after Plaintiff engaged in activity protected by the NYSHRL, Defendants took adverse actions against Plaintiff that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

68. As a result of Defendants' retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

**FIFTH CAUSE OF ACTION AGAINST DEFENDANTS**
*Gender Discrimination in Violation of the NYCHRL*

69. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

70. The Administrative Code of City of New York § 8-107(1)(a) provides that

> It shall be an unlawful discriminatory practice: for an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service or alienage or citizenship status of any person... to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

71. As described above, Defendants discriminated against Plaintiff on the basis of her sex in violation of the NYCHRL by, including but not limited to, subjecting her to disparate

13

working conditions, and denying her the opportunity to work in an employment setting free of unlawful discrimination and harassment.

72. As a result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

73. As a result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

74. Defendants' unlawful discriminatory actions constitute violations of the NYCHRL that amount to willful or wanton negligence, recklessness, and involve a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
*Retaliation in Violation of NYCHRL*

75. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

76. The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice for an employer "to retaliate or discriminate in any manner against any person because such person has opposed any practices forbidden under this chapter…."

77. As described above, Plaintiff engaged in protected activities, including making an internal complaint regarding discrimination based on Plaintiff's gender.

78. As described above, after Plaintiff engaged in activity protected by the NYCHRL, Defendants took adverse actions against Plaintiff that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

79. As a result of Defendants' retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

80. Defendants' unlawful discriminatory actions constitute violations of the NYCHRL that amount to willful or wanton negligence, recklessness, and involve a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages.

## JURY DEMAND

81. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, the NYSHRL, and the NYCHRL in that Defendants discriminated against Plaintiff on the basis of her sex/gender;

B. Restraining Defendants from any retaliation against Plaintiff for participating in any form in this litigation;

C. Declaring preliminary and permanent injunctions against Defendants and their officers,

owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

D. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

E. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

F. Awarding Plaintiff punitive damages;

G. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action pursuant to 42 U.S.C §1988 and as afforded under the above local statutes; and

H. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Garden City, New York
July 13, 2022

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

 /s/ Cathryn-Harris-Marchesi
Cathryn Harris-Marchesi, Esq.
Darnisha A. Lewis-Bonilla, Esq.
585 Stewart Avenue, Suite 410
Garden City, NY 11530
T: (212) 248-7431
F: (212) 901-2107
Charris-marchesi@tpglaws.com
Dlewis-bonilla@tpglaws.com