**PHILLIPS & ASSOCIATES**

*Attorneys at Law*
585 STEWART AVENUE, SUITE 410, GARDEN CITY, NY 11530
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

**MEMO ENDORSED (page 4)**

June 2, 2023

**Via ECF**
Hon. Judge Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street, Room 1010
New York, New York 10007

    Re: **Tabetha Andino v. Gem-Quality Corporation and Muhammed Tahir, individually and in his Official Capacity**
         Case No. 1:22-cv-05953

Your Honor:

    This office represents Plaintiff, Tabetha Andino ("Plaintiff") in the above-captioned matter. Plaintiff respectfully renews her request seeking an Order compelling Defendant Gem-Quality Corporation (Defendant "Gem-Quality") to respond to an "early interrogatory" by a date certain seeking the Individual Defendant Mohammad Tahir's contact information, including his last known address and phone number so Plaintiff can serve him with process. Plaintiff previously made this motion (Dkt No. 27) and the Court denied without prejudice to renew in light of Plaintiff's Amended Complaint (Dkt Nos. 30 and34). This application is necessary as despite diligent efforts Plaintiff has been unable to serve the Defendant Tahir, and Defendant Gem Quality has refused to provide his last known contact information even though Defendant Tahir is a former employee at Defendant Gem Quality.

THE COURT SHOULD GRANT COMPEL DEFENDANT GEM-QUALITY TO PRODUCE DEFENDANT TAHIR'S CONTACT INFORMATION

    Despite Plaintiff's best and diligent efforts, service on the individual Defendant Tahir remains outstanding. To that end, on December 22, 2022, per FRCP 26(d)(1), Plaintiff served Defendant Gem Quality with one single interrogatory seeking Defendant Tahir's contact information to effectuate service upon him. To date, Defendant Gem Quality has refused to respond.

    Rule 26(d)(1) allows a party to seek discovery before a Rule 26(f) conference "by court order." A court order to seek expedited discovery should be granted or freely given by Courts when Plaintiff shows good cause and the request is reasonable. FCRP Rule 26(d)(1) states:

> (1) *Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

While F.R.C.P Rule 26(d)(1) does not explicitly state what would authorize the basis for a court order granting expedited discovery, case law is consistent in the Second Circuit holding that this issue is within the Court's discretion. When considering whether to grant a motion for expedited discovery prior to a Rule 26(f) conference, courts apply a "flexible standard of reasonableness and good cause." See *Digital Sin Inc. v. Does 1-176,* 2012 U.S. Dist. LEXIS 10803 at *241 (S.D.N.Y. 2012) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005); see also *Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007) (Chin, J.); *accord* 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2046.1 (3d ed. 2011) ("Although [Rule 26(d)] does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard.")

The court looks at a "variety of factors to guide this inquiry, including the relative prejudices that will be suffered by the parties, the plaintiff's ability to make out a prima facie claim, the specificity of the discovery request, the availability of alternative means to obtain the information, the necessity of the information for the plaintiff's claim, the defendant's expectation of privacy, the proportionality of the request, the timing of the motion, and the diligence of the requesting party." *Reinhardt v. City of Buffalo*, 2021 U.S. Dist. LEXIS 106638 at *5-6 (W.D.N.Y 2021) (*quoting Strike 3 Holdings*, 2021 U.S. Dist. LEXIS 27836, 2021 WL 535218, at *1-2 (E.D.N.Y. 2021)

Here, Plaintiff's request should be granted as she has demonstrated sufficient good cause to authorize a Court Order to serve a limited Interrogatory requesting the contact information for Defendant Tahir and a Court Order compelling Defendant Gem Quality to produce Defendant Tahir's contact information by a date certain set by the Court. As Plaintiff has substantively detailed in her response to the Court's Order to Show Cause, Plaintiff has been unsuccessful in numerous attempts to serve and obtain Defendant Tahir's contact information through public records searches. Additionally, at this juncture Plaintiff has no other way of obtaining the contact information of Defendant Tahir except from Defendant Gem Quality (Defendant Tahir's former employer). Plaintiff respectfully requests this equitable relief as Defendant Gem Quality has repeatedly refused to provide this information to Plaintiff. Further, this refusal has frustrated Plaintiff's efforts to serve Defendant Tahir. It would be prejudicial to Plaintiff if Defendant Tahir is not served as he is an essential part and the alleged harasser in this discrimination case. Plaintiff also engaged a private investigator to find Defendant Tahir but the search remains unfruitful. Still, Plaintiff maintains she has made significant good faith efforts to timely serve Defendant Tahir such that the Court should issue an order to serve the limited Interrogatory and extend the deadline to serve Defendant Tahir. (See ECF Docket No. 15).

The Court should grant Plaintiff's request seeking Defendant Tahir's contact information from Defendant Gem Quality as this request is reasonable and sufficient good cause has been shown. Courts have held that early discovery is permissible in similar situations. See *Reinhardt v. City of Buffalo*, 2021 U.S. Dist. LEXIS 106638 at *9 (W.D.N.Y. 2021) (granting Plaintiff's motion for limited expedited discovery for identification of the Doe Defendants and extending time to serve prior to a 26(f) conference); See also *Strike 3 Holdings, LLC v. Doe*, 2022 U.S. Dist. LEXIS 209642 at * (S.D.N.Y. 2022) (granting Plaintiff's motion for leave to serve a third-party subpoena on Defendant's Internet Service Provider prior to a Rule 26(f) conference to ascertain Defendant's identity through an Internet Service Provider [IP] address.); *Does 1-176,* 2012 U.S. Dist. LEXIS

10803 at *241; *Rotten Records, Inc. v. Doe*, 2015 U.S. Dist. LXIS 71747 at *257 (W.D.N.Y. 2015)(same).  Here, Plaintiff is requesting Defendant Tahir's contact information from Defendant Gem Quality to serve him, which is less invasive than seeking an IP address to identify individual Defendants which the Court granted in *Rotten Records*, *supra*.

Further, the aforementioned factors that courts have considered when evaluating expedited discovery prior to a Rule 26(f) Conference support Plaintiff's position. First, the specificity of the interrogatory boils down to a single *limited* Interrogatory requesting only the contact information for Defendant Tahir tailored only to perfect service. Again, Plaintiff has exhausted all attempts and Defendant Gem Quality's refusal to provide this contact information, or alternatively, accept service on behalf of Defendant Tahir, has frustrated Plaintiff's efforts to proceed with this litigation. See *City of Buffalo*, 2021 U.S. Dist. LEXIS 106638 at *8. (holding that Defendant's argument that the Court should deny Plaintiffs' request for expedited discovery because Plaintiffs failed to acquire information in Defendants' control before filing their lawsuit and then tarried too long in seeking an extension of time to serve process fails and skips over Defendants' apparently central role in gatekeeping and delaying Plaintiffs' access to the requested information.) This information is necessary as Defendant Tahir is the alleged harasser. Additionally, as the case proceeds, the contact information of Defendant Tahir would be discoverable in the foreseeable future. *See* F.R.C.P. Rule (a)(1) ("(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.")  Finally, Plaintiff has made diligent efforts to obtain this information and these efforts have been noted on the record. (see ECF Docket No. 15)

In order to preserve limited judicial resources, it would be economical to keep Defendant Tahir in this matter. Plaintiff is seeking equitable relief to proceed with this litigation and in seeking to serve Defendant Tahir. Therefore, Plaintiff has demonstrated sufficient good cause for an expedited discovery court order to access Defendant Tahir's contact information and adequately serve Defendant Tahir.

Accordingly, Plaintiff respectfully requests the Court to so order Plaintiff to serve expedited discovery to Defendant Gem Quality and so order Defendant Gem Quality's response by a date certain since Plaintiff sufficiently demonstrated good cause.

Plaintiff thanks the Court for its time and consideration of the herein requests.

Respectfully submitted,

 /s/ Joshua Friedman
Joshua Friedman, Esq.

Cc: All counsel of record (Via ECF)

The instant motion seeks to compel interrogatory responses from Gem-Quality Corporation, an entity that Plaintiff added to this case in her Amended Complaint (ECF No. 30). However, the Amended Complaint "[wa]s improperly filed as Plaintiff [wa]s not within the time to amend as of course under Federal Rule of Civil Procedure 15(a)(1) and ha[d] not sought leave to file an amended pleading pursuant to Rule 15(a)(2)." *Lord v. City of New York*, 20 Civ. 3890 (LTS) (SDA) (S.D.N.Y. Nov. 3, 2022). "The [initial] Complaint, filed on [July 14, 2022, *see* ECF No. 5], is the operative complaint. The Court strikes [the Amended Complaint] from the docket." *Percival v. Zimmerman*, 23 Civ. 1303 (AT) (OTW) (S.D.N.Y. Aug. 17, 2023) (citation omitted) (striking plaintiff's newly filed Second Amended Complaint because, *inter alia*, "Plaintiff ha[d] not complied with Fed. R. Civ. P. 15, [and] had not explained why a Second Amended Complaint [wa]s needed"); *see also, e.g.*, *Young v. J.C. Toys Group, Inc.*, 22 Civ. 6250 (VEC) (S.D.N.Y. Oct. 21, 2022) ("strik[ing] the Amended Complaint," which "was improperly filed without leave from the Court, and Plaintiff failed to provide any justification for his request for leave to amend").

In light of the Court's striking the Amended Complaint—the pleading that had joined Gem-Quality Corporation as a Defendant, *see supra*—Gem-Quality Corporation is no longer a proper party to this action. Plaintiff's motion to compel discovery from Gem-Quality Corporation is thereby DENIED as moot. *Cf.* ECF No. 34 (previously presiding judge predicating the adjudication of Plaintiff's motion to compel on "the addition of a new defendant [i.e., Gem-Quality Corporation]"). The denial of the motion is without prejudice to renewal in the event that (i) Plaintiff files the requisite motion for leave to amend her Complaint; and (ii) the Court grants that motion. Any motion for leave shall be filed no later than **April 22, 2024**.

In view of the foregoing disposition, Gem-Quality Corporation's motion to dismiss (ECF No. 46) is also DENIED as moot.

The Clerk of Court is directed to (1) strike the First Amended Complaint (ECF No. 30) from the docket; (2) terminate Gem-Quality Corporation from the docket; and (3) terminate the motions pending at ECF Nos. 44 and 46.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Date: March 31, 2024