UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------
TABETHA ANDINO,

                Plaintiff,

        -v-

GEM QUALITY CONSTRUCTION and
MUHAMMED TAHIR, individually and in
his official capacity,

                Defendants.
---------------------------------------------------------

No. 22-CV-05953-LTS

MEMORANDUM ORDER AND ORDER TO SHOW CAUSE

        Tabetha Andino ("Ms. Andino" or "Plaintiff") brings six causes of action against Defendants—for sex discrimination, gender discrimination, and retaliation in violation of federal, state, and local law. This case is before the Court on Plaintiff's motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (Docket entry no. 59 (the "Motion").) In her proposed amended complaint (docket entry no 59-1 (the "Proposed AC" or "Proposed Amended Complaint")), Ms. Andino seeks to name her former employer, Gem Quality Corporation (the "Corporation"), as a defendant in this case; the original complaint filed in this case, which is currently the operative pleading (docket entry no. 5 (the "Original Complaint")), names Gem Quality Construction, Inc. (the "Construction Company"), as a defendant. The Proposed Amended Complaint, which would substitute the Corporation for the Construction Company, is otherwise identical to the Original Complaint.[1] The Court has jurisdiction of Ms. Andino's federal claims pursuant to 28 U.S.C. section 1331.

---

[1] The Proposed Amended Complaint, like the Original Complaint, also asserts discrimination and retaliation claims under state and local law against Muhammed Tahir ("Mr. Tahir"), Ms. Andino's former supervisor at the Corporation.

The Court has carefully reviewed the parties' submissions in connection with the Motion. For the following reasons, Ms. Andino's Motion is denied.

BACKGROUND

In the words of Plaintiff's counsel, "this matter has taken a tortuous and unfortunate path from the filing of the original Complaint . . . to the instant juncture" due to Plaintiff's counsel's "mistake by naming, and serving, the wrong corporate defendant (both herein, and before the EEOC)." (Docket entry no. 52 ("Pl. MTD Opp.") at 1 (opposing the motion to dismiss that preceded the instant Motion).) That mistake, "unfortunately," was not "corrected in a timely fashion" (id.), and so the relevant procedural history of this case can be summarized as follows.

In October 2021, Ms. Andino filed a charge of discrimination with the United States Equal Employment Opportunity Commission (the "EEOC") against "GEM Quality Construction, Inc." through her counsel. (Docket entry no. 60-2 (the "EEOC Charge").) However, the Corporation was made aware of the EEOC Charge, which listed the Corporation's business address. (See id.) The Corporation, in its subsequently-filed position statement in opposition to the EEOC Charge, informed Plaintiff that she had "incorrectly named" the Construction Company instead of the Corporation. (See docket entry no. 60-3 (the "EEOC Position Statement") ¶ 1.) Ms. Andino did not amend her EEOC charge to name the Corporation. She was issued a Notice of Right to Sue by the EEOC in April 2022. (See docket entry no. 60-4 (the "Notice of Right to Sue").)

In July 2022, Ms. Andino initiated this action, naming the Construction Company and Mr. Tahir as defendants. Ms. Andino effectuated service on the Construction Company in August 2022, but not on the Corporation or on Mr. Tahir. Saul Zabell ("Mr. Zabell" or

"Defendant's counsel") filed a notice of appearance on behalf of the Construction Company shortly thereafter. (Docket entry no. 8.) The Construction Company, however, did not respond to the Original Complaint.

In September 2022, the Clerk of Court issued a Certificate of Default as to the Construction Company. (Docket entry no. 13.) Shortly thereafter, in October 2022, Ms. Andino filed a letter motion requesting an extension of time to serve Mr. Tahir. (Docket entry no. 15.) In a letter filed in opposition to that request, Mr. Zabell identified himself as "counsel to Gem-Quality Corporation ('Gem-Quality'), improperly named in the above-referenced complaint as 'Gem Quality Construction, Inc.'" (Docket entry no. 16 at 1.) After the Court directed Plaintiff to file a letter showing cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) in December 2022 (docket entry no. 18 (the "Order to Show Cause")), Ms. Andino filed a motion for default judgment against the Construction Company and Mr. Tahir the next day (docket entry no. 19 (the "Motion for Default Judgment")). In support of her Motion for Default Judgment, Ms. Andino argued that Federal Rule of Civil Procedure 60(a)[2] permitted the Court to enter default judgment against the Corporation because Plaintiff's naming of the Construction Company was a "clerical mistake[] arising from oversight or omission." (Docket entry no. 20 ("Pl. MDJ Mem.") at 9-10.) Mr. Zabell filed an opposition to the default judgment application on the grounds that the Corporation was not a named party to the case and had never been served with the Summons and Complaint. (Docket entry no. 26 ("Def. MDJ Mem.") at 1.) In that filing, Defendants' counsel further stated: "we do not

---

[2]   Federal Rule of Civil Procedure 60 permits a court to correct "a clerical mistake" in "a judgment, order, or other part of the record." Plaintiff did not cite a case—nor is the Court aware of one—in which a court has relied on Rule 60 to impose liability on a defendant that had not been named in a case.

represent Gem Quality Construction, Inc. and are unaware as to why they did not retain counsel upon being served with a copy of this lawsuit." (Id.)

Two weeks after Mr. Zabell filed the opposition to the Motion for Default Judgment on behalf of the Corporation, Ms. Andino filed an Amended Complaint—without requesting leave of court—asserting claims against the Corporation and removing the Construction Company as a named defendant. (Docket entry no. 30.) The Corporation moved to dismiss the Amended Complaint (docket entry no. 46 (the "Motion to Dismiss")), and, after the motion had been fully briefed, the Court struck the Amended Complaint from the docket due to Plaintiff's failure to seek leave to file the Amended Complaint and denied the Motion to Dismiss as moot. (Docket entry no. 57.) Approximately three weeks later, Plaintiff filed the instant Motion.

## Discussion

Federal Rule of Civil Procedure 15(a) provides that, other than amending as a matter of course, "amendment may be made on the court's leave, and that a court 'should freely give leave when justice so requires.'" K.A. v. City of N.Y., No. 16-CV-04936-LTS-KNF, 2021 WL 5889254, at *2 (S.D.N.Y. Dec. 13, 2021) (quoting Fed. R. Civ. P. 15(a)). Courts in this District deny motions to amend where "(1) the movant is guilty of undue delay, (2) the movant has acted in bad faith, (3) the amendment would be futile, or (4) the amendment would prejudice the opposing party." Procter & Gamble Co. v. Hello Prods., LLC, No. 14-CV-00649-VM-RLE, 2015 WL 2408523, at *1 (S.D.N.Y. May 20, 2015) (citing State Tchrs. Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)). "Leave may be denied as futile if the proposed amended pleading could not withstand a motion to dismiss." WGH Commc'ns, Inc. v. Penachio Malara LLP, No. 19-CV-02230-LTS-SLC, 2020 WL 8513509, at *4 (S.D.N.Y. Nov. 24, 2020), report

and recommendation adopted, 2021 WL 535734 (S.D.N.Y. Feb. 12, 2021), aff'd, No. 21-570-CV, 2022 WL 569665 (2d Cir. Feb. 25, 2022).

The Corporation argues that Plaintiff's Motion should be denied as futile because "Plaintiff failed to exhaust her administrative remedies against Gem-Quality Corporation, and, as such, cannot assert Title VII claims against it." (Docket entry no. 60 ("Def. Mem.") at 4.)

Under the administrative remedy provision of Title VII, claims under Title VII may not be brought in federal court unless the Plaintiff previously filed a timely charge with the EEOC. 42 U.S.C.A. § 2000e–5 (Westlaw through P.L. 119-4). Title VII requires an individual to exhaust his or her administrative remedies by raising those claims with the EEOC and by obtaining a right to sue letter before bringing such claims in federal court. Goodwin v. Solil Mgmt. LLC, No. 10-CV-05546-KBF, 2012 WL 1883473, at *3 (S.D.N.Y. May 22, 2012). "Under 42 U.S.C.A. § 2000e–5(f)(1), the aggrieved party's right to sue is limited to the party named in the EEOC charge." Pajooh v. Dep't of Sanitation City of N.Y., No. 11-CV-03116-LTS-MHD, 2012 WL 4465370, at *4 (S.D.N.Y. Sept. 27, 2012), aff'd, 547 F. App'x 73 (2d Cir. 2013); see also 42 U.S.C.A. § 2000e-5(f)(1) ("[A] civil action may be brought against the respondent named in the charge[.]"). "Only in limited circumstances, when there is a 'clear identity of interests,' can a Title VII action proceed against an unnamed party." Pajooh, 2012 WL 4465370, at *5 (quoting Vital v. Interfaith Med. Ctr., 168 F.3d 615, 619 (2d Cir. 1999)). Whether such limited circumstances exist is determined by examining:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Vital, 168 F.3d at 619 (quoting Johnson v. Palma, 931 F.2d 203. 209-10 (2d Cir. 1991)). Courts also have found that "another consideration is relevant to the identity-of-interest inquiry—whether, although not named as a respondent in the caption, the defendant is named in the body of the charges as having played a role in the discrimination." Zustovich v. Harvard Maint., Inc., No. 08-CV-06856-HB, 2009 WL 735062, at *8 (S.D.N.Y. Mar. 20, 2009).

"The purpose of this exception is to avoid frustration of Title VII's remedial goals by accommodating plaintiffs who are not well versed in the statute's procedural formalities and requirements." Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 389 (S.D.N.Y. 2002). For that reason, courts in this District have consistently held that the identity of interests exception does not apply where a plaintiff "had the benefit of counsel when he [or she] filed his [or her] EEOC complaint, and does not claim that his [or her] counsel was unversed in the law." Id. at 390; see also Gagliardi v. Universal Outdoor Holdings, Inc., 137 F. Supp. 2d 374, 379 (S.D.N.Y. 2001) (concluding that, where plaintiff did "not dispute that he was represented at the time of the EEOC filing by his present attorneys who apparently have experience in employment law litigation[,]" his failure to name the proper party in his EEOC charge was "inexcusable"). Because Ms. Andino was represented by counsel when she filed her EEOC Charge, the identity of interests exception cannot excuse her failure to name the proper party.

Even if the identity of interests exception could apply in these circumstances, the relevant factors weigh in favor of the Corporation. There is no doubt that factors one and four—"whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint," and "whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be

through the named party"—weigh against applying the identity of interests exception here. In the first paragraph of its EEOC Position Statement, the Corporation promptly informed Plaintiff that she had "incorrectly named" the Construction Company instead of the Corporation. (EEOC Position Statement ¶ 1.) The second factor also weighs against application of the identity of interests exception because the only evidence of overlapping interest between the Corporation and the Construction Company is the fact that Defendant's counsel filed a Notice of Appearance on behalf of the Construction Company after this action, which postdated the EEOC proceedings, had been commenced. (See docket entry no. 8.) While courts in this District have noted that the second "factor is likely to be satisfied" where "the unnamed party is represented by the same counsel as the named party," there is nothing in the record to suggest any other indicator of shared interest, such as "where the unnamed entity is an agent or employee of the named entity, or played another such significant role in the operation of the named entity[.]" Cappelli v. Jack Resnick & Sons, Inc., No. 13-CV-03481-GHW, 2014 WL 4188084, at *4 (S.D.N.Y. Aug. 22, 2014). Indeed, there is no allegation that, "although not named as a respondent in the caption, the defendant is named in the body of the charges as having played a role in the discrimination." Zustovich, 2009 WL 735062, at *8. Despite the fact that it appears that the Corporation was not prejudiced by the fact that it was not named in the EEOC charge, as contemplated by the third factor, the other factors weigh strongly against applying the identity of interests exception here.

       Because the Corporation was not named in the EEOC Charge, and because the identity of interests exception is not applicable here, the Court concludes that Ms. Andino failed to exhaust her administrative remedies to bring her Title VII claims against the Corporation in federal court. As such, the Proposed Amended Complaint could not survive a motion to dismiss

her federal claims for failure to state a claim upon which relief may be granted. The Court also could not properly exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining claims in the Proposed Amended Complaint, which are pled under state and local law, if no federal claims could survive a motion to dismiss. See Klein & Co. Futures, Inc. v. Bd. of Trade, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."). Therefore, granting leave to file the Proposed Amended Complaint would be futile.[3]

## CONCLUSION

For the foregoing reasons, Ms. Andino's motion for leave to file an amended complaint is denied. The Corporation is not a party to this action, and the Original Complaint (docket entry no. 5) remains the operative pleading. It is hereby ordered that Ms. Andino shall show cause in writing, filed **no later than April 21, 2025**, as to:

- Why her federal claims against Gem Quality Construction, Inc., should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b), as abandoned in light of her acknowledgment that she has no proper claim against Gem Quality Construction, Inc.; and

- Why her state and local law claims against Gem Quality Construction, Inc., and Muhammed Tahir should not be dismissed—pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction—without prejudice to her ability to bring her claims in a different forum.

---

[3] Because the Court concludes that Ms. Andino's failure to exhaust her administrative remedies against the Corporation renders her amendment futile, it need not consider the Corporation's other arguments related to futility or undue delay.

Failure to file a timely response to this Order will result in dismissal of the action for the reasons and on the terms outlined above, without further advance notice. This Memorandum Order resolves docket entry no. 59.

    SO ORDERED.

Dated: March 31, 2025
      New York, New York

           /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge