UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TABETHA ANDINO,

                Plaintiff,

      -v-

GEM QUALITY CONSTRUCTION and MUHAMMED TAHIR, individually and in his official capacity,

                Defendants.

No. 22-CV-5953-LTS

## ORDER

On March 31, 2025, the Court issued a Memorandum Order and Order to Show Cause denying Ms. Andino's motion for leave to file an amended complaint. (Docket entry no. 61 (the "Order").) In that Order, the Court directed Ms. Andino to show cause in writing as to (1) why her federal claims against Gem Quality Construction, Inc., (the "Construction Company") should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b), and (2) why her state and local law claims against the Construction Company and Muhammed Tahir should not be dismissed for lack of subject matter jurisdiction. (Id. at 8.) The Court has received and reviewed Ms. Andino's submission in response to that Order. (Docket entry no. 62 (the "Response").) For the following reasons, the Court dismisses (1) Ms. Andino's federal claims (Counts I and II) with prejudice and (2) her state and local law claims (Counts III, IV, V, and VI) without prejudice.

## DISCUSSION

### Federal Claims

Rather than responding to the Court's question as to why her federal claims against the Construction Company should not be dismissed, Ms. Andino argues that she should

be permitted to amend her complaint to substitute Gem-Quality Corporation (the "Corporation") for the Construction Company under Federal Rule of Civil Procedure 15(c). (Response at 1-3.) Federal Rule of Civil Procedure 15(c) provides for the "relation back of amendments" to permit a defendant to be substituted in an amended complaint after the statute of limitations on a claim would have otherwise run. See FED. R. CIV. P. 15(c). Rule 15(c), in other words, may be invoked to permit an amendment to a complaint that would be futile if the statute of limitations had expired. See Grace v. Rosenstock, 228 F.3d 40, 52 (2d Cir. 2000). Courts in this Circuit, however, first analyze whether a proposed amendment to a complaint is futile for reasons unrelated to statute of limitations concerns before considering the application of Rule 15(c). See Charlot v. Ecolab, Inc., 97 F. Supp. 3d 40, 61 (E.D.N.Y. 2015). Regardless of whether Ms. Andino can satisfy the criteria of Rule 15(c), her proposed amended complaint, with the Corporation substituted for the Construction Company, is futile for the reasons stated in the Order. (Order at 7-8.) Ms. Andino's citation to Rule 15(c), therefore, cannot salvage her proposed amendment. Nor does Ms. Andino dispute that she has no claims against the Construction Company. For that reason, her claims against the Construction Company must be dismissed as abandoned, and her argument that she should be permitted to continue this action as against the Corporation is unavailing.

State and Local Claims

Ms. Andino's arguments that the Court should exercise supplemental jurisdiction over her state and local claims are similarly unpersuasive. First, she argues that the Court has supplemental jurisdiction over her claims under state and local law because the federal claim against the Corporation should proceed. (Response at 3.) For the reasons stated in the Order and the foregoing discussion, that argument is without merit. (See Order at 8.) Second, Ms. Andino

argues that "the interests of judicial economy, convenience, and fairness counsel in favor of retaining jurisdiction over the state and local claims." (Response at 3.) The Second Circuit, however, has cautioned that "where the federal claims had been dismissed at a relatively early stage . . . the exercise of supplemental or pendent jurisdiction [is] an abuse of discretion." Valencia ex rel. Franco v. Lee, 316 F.3d 299, 306 (2d Cir. 2003). Unlike the cases that Ms. Andino cites, this case is not on "the eve of trial." Eur. v. Equinox Holdings, Inc., No. 20-CV-7787-JGK, 2023 WL 172205, at *1 (S.D.N.Y. Jan. 11, 2023). Indeed, discovery has not begun, and no summary judgment motions have been filed in this action. The Court, therefore, treats this matter as the usual case in which "the federal claims are eliminated in the early stages of litigation, [so] courts should generally decline to exercise pendent jurisdiction over remaining state law claims." Klein & Co. Futures, Inc. v. Bd. of Trade, 464 F.3d 255, 262 (2d Cir. 2006).

Third, Ms. Andino argues that "[t]he Second Circuit recognized that potential statute of limitations problems are relevant to the decision whether to retain jurisdiction." (Response at 4.) However, the case that she cites for that proposition, Raucci v. Town of Rotterdam, 902 F.2d 1050 (2d Cir. 1990), does not mention concerns related to the statute of limitations. Furthermore, courts in this Circuit have routinely explained that an expired statute of limitations is not grounds to exercise pendant jurisdiction over state law claims after federal claims have been dismissed because New York's CPLR § 205 "allow[s] a plaintiff to recommence a dismissed suit within six months without regard to the statute of limitations." Trinidad v. N.Y.C. Dep't of Correction, 423 F. Supp. 2d 151, 169 (S.D.N.Y. 2006) (citations omitted). Because the statute of limitations will not necessarily bar Ms. Andino's ability to bring her state and local law claims in state court, "she will not be unduly prejudiced by the dismissal of her state law claims" in this action. Id. (citation omitted).

Accordingly, the Court will, in its discretion, decline to exercise supplemental jurisdiction over her state and local law claims.

## CONCLUSION

For the foregoing reasons, the Court concludes:

- Ms. Andino's federal claims against Gem Quality Construction, Inc., (Counts I and II) are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b), as abandoned in light of Ms. Andino's acknowledgment that she has no proper claim against Gem Quality Construction, Inc.; and

- Ms. Andino's state and local law claims against Gem Quality Construction, Inc., and Muhammed Tahir (Counts III, IV, V, and VI) are dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, without prejudice to her ability to bring her claims in a different forum.

The Clerk of Court is respectfully directed to enter judgment dismissing (1) Plaintiff's federal claims (Counts I and II) with prejudice and (2) her state and local law claims (Counts III, IV, V, and VI) without prejudice, and close this case.

SO ORDERED.

Dated: April 25, 2025
      New York, New York

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge